**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL O. REED,

Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT,

Agency.

DOCKET NUMBER
DA-0845-14-0336-I-1

DATE: August 12, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gary W. Partridge, Austin, Texas, for the appellant.

Christopher H. Ziebarth, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal from the reconsideration decision of the Office of Personnel Management (OPM) finding that he had been overpaid $37,127.97 in interim annuity benefits. Initial Appeal File (IAF), Tab 1. During proceedings before the administrative judge, OPM rescinded the reconsideration decision. IAF, Tab 8. OPM indicated that it would issue a new decision extending due process. *Id*. The administrative judge found that, because OPM had completely rescinded the reconsideration decision, the Board did not have jurisdiction over the appeal. IAF, Tab 11.

¶3 In his petition for review, the appellant argues that OPM's rescission of its reconsideration decision constituted a waiver of any overpayment. Petition for Review (PFR) File, Tab 1. The appellant's assertion is unavailing. OPM made clear that it was rescinding the reconsideration decision "to further review the computation of the annuity and overpayment as it relates to the new information we have on file regarding the termination of [the appellant's] disability Social Security benefits." IAF, Tab 8. OPM did not represent that it was waiving the overpayment. If OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the

reconsideration decision is at issue, and the appeal must be dismissed. *Frank v. Office of Personnel Management*, [113 M.S.P.R. 164](), ¶ 8 (2010). The appellant has presented no evidence that OPM did not completely rescind the overpayment reconsideration decision. The administrative judge properly dismissed the appeal for lack of jurisdiction. *Id*.[2]

¶4 Based on the appellant's argument in his petition for review, it appears that he seeks to appeal OPM's letter of October 11, 2014,[3] which he attaches to his petition. This letter is apparently OPM's initial decision on the recomputation of the appellant's the annuity and overpayment. PFR File, Tab 1. That letter provides that the appellant was underpaid interim annuity benefits in the amount of $29,313.00 due to the termination of his Social Security benefits,[4] and that OPM applied the underpayment to the appellant's overpayment, leaving an

---

[2] The administrative judge issued the initial decision in this appeal on June 23, 2014. IAF, Tab 11, Initial Decision (ID). The initial decision informed the appellant that a petition for review must be filed by July 28, 2014. ID at 2. The appellant filed his petition for review on May 11, 2015. It thus was apparently untimely filed by more than 9 months. Because we find that the administrative judge properly dismissed the appeal for lack of jurisdiction, we do not reach the timeliness issue.

[3] OPM's letter is erroneously dated October 11, 2013. The sequence of events in this appeal shows that, because the letter was a follow up to the reconsideration decision that OPM rescinded on June 4, 2014, the correct date of the letter is October 11, 2014.

[4] When OPM was considering the appellant's July 27, 2012 request for reconsideration regarding OPM's initial decision finding that he had received an overpayment of $37,127.97, IAF, Tab 1, it was OPM's position that annuitants would have to bear the loss of income when they lost Social Security disability benefits, and that OPM would not recalculate their Federal Employees' Retirement System (FERS) disability retirement annuities upward to account for the loss, *see Stephenson v. Office of Personnel Management*, [705 F.3d 1323](), 1328 (Fed. Cir. 2013). Between the date that OPM issued its overpayment decision to the appellant and the commencement of proceedings before the Board, the issue of whether OPM must do such a recalculation was being litigated before the Board and the U.S. Court of Appeals for the Federal Circuit. *Id.* In 2013, the court resolved the issue, finding that OPM must recalculate FERS disability retirement annuities upward when the annuitant is not entitled to Social Security disability benefits. *Id.* at 1328. It appears that, based on the court's decision in *Stephenson*, OPM recalculated the appellant's disability annuity upward to terminate the offset for his receipt of Social Security benefits, thus reducing his overpayment by $29,313.00.

overpayment balance of $7,814.97. *Id*. The appellant represents that he sought reconsideration of OPM's October 11, 2014 letter. PFR File, Tab 1.

¶5      The Board may take jurisdiction over a retirement appeal from an OPM initial decision if the evidence indicates that OPM does not intend to issue a final decision. *Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 5 (2012). Based on OPM's response to the appellant's petition for review, PFR File, Tab 5, we find that it is unclear whether OPM has received what the appellant characterizes as a request for reconsideration and whether it intends to issue a reconsideration decision of its initial decision of October 11, 2014. Accordingly, we FORWARD the appellant's apparent appeal of OPM's October 11, 2014 initial decision to the Dallas Regional Office for docketing as a new appeal to allow the parties to submit evidence and argument on the issue of whether the Board may take jurisdiction over the appellant's appeal of OPM's October 11, 2014 initial decision. *See Fletcher*, 118 M.S.P.R. 632, ¶ 5.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.